IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KRISTIAN LEE AULTMAN                                         PETITIONER

v.                                               CIVIL NO. 1:25cv203-HSO-ASH

TODD STEWART, Sheriff of Stone County, Mississippi        RESPONDENT

<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

This matter is before the Court sua sponte.   The Court entered an Order [1] on July 1, 2025, construing pro se Petitioner Kristian Lee Aultman's ("Aultman") pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2254 and directed that this case be opened.   Aultman is incarcerated with the Mississippi Department of Corrections.   The Court has considered the record and liberally construed the pleadings and finds that this case should be dismissed without prejudice for failure to exhaust available state remedies.

Aultman filed an Amended Petition [11] on July 17, 2025, and he complains that his indictment was untimely.   Am. Pet. [11] at 5.   The Amended Petition [11], however, failed to provide all the information necessary to review his habeas request, so the Court entered an Order [16] on August 1, 2025, directing him to provide more information.   Aultman responded on August 7, 2025, *see* Resp. [17] at 1–3, and stated that he is challenging his July 22, 2025, conviction from the Circuit Court of Stone County, Mississippi, where he was convicted by a jury of aggravated assault with a deadly weapon and received a twenty-year sentence, Resp. [17] at 1–2.   On September 2, 2025, the Court entered an Order [20] directing Aultman to

clarify whether he had filed an appeal or motion for post-conviction relief with the state trial court or the Mississippi Supreme Court.    He responded he had not. Resp. [21] at 1.

Before Aultman can pursue his habeas claim in this Court, he must first exhaust his available state remedies, 28 U.S.C. § 2254(b)(1)(A), and provide "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights," *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).    To properly exhaust, Aultman is required to seek relief from the highest court of the State.    *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999); *see also Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (per curiam). Aultman admits that he has not filed an appeal to the Mississippi Supreme Court, nor has he filed a motion for post-conviction relief in the state trial court or the Mississippi Supreme Court.    Resp. [21] at 1.    Because Aultman has not exhausted his state-court remedies, this case must be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state remedies.    A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 4th day of December, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE